**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 99-2296**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT I. REAMER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CA-98-2626-CCB)

───────────

Submitted:  February 24, 2000          Decided:  March 1, 2000

───────────

Before MOTZ and KING, Circuit Judges, and BUTZNER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robert I. Reamer, Appellant Pro Se.  William Sears Estabrook, III, Marion Elizabeth Erickson, Teresa Thomas Milton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Reamer appeals from the district court's order granting the government's motion for summary judgment and reducing to judgment the assessed tax liability against Reamer for the tax years 1981, 1982, and 1983. We have reviewed the record[1] and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See <u>United States v. Reamer</u>, No. CA-98-2626-CCB (D. Md. July 1, 1999).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[1] In this court, Reamer seeks to present additional evidence and arguments that were not presented to the district court. This court cannot consider materials outside the record, <u>see</u> <u>First Nat'l Bank v. Fockler</u>, 649 F.2d 213, 215-16 (4th Cir. 1981), and ordinarily does not consider issues raised for the first time on appeal. <u>See</u> <u>Grossman v. Commissioner</u>, 182 F.3d 275, 281 (4th Cir. 1999). Therefore, we decline to consider the extraneous evidence and issues.

[2] Although the district court's order is marked as "filed" on June 30, 1999, the district court's records show that it was entered on the docket sheet on July 1, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See</u> <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).